**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS HINCHMAN,<br><br>                              Plaintiff,<br><br>-against-<br><br>NICHOLAS PRIOLO, SCOTT JOLLY, ANDREW CHARVAT, TODD BAXTER, "RICHARD ROE" SHERIFF'S DEPUTIES 1-10 and other unidentified members of the Monroe County Sheriff's Office,<br><br>                              Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**CASE NO.: 23-cv-6514** |

### I.     PRELIMINARY STATEMENT

Plaintiff NICHOLAS HINCHMAN, complaining of the defendants, respectfully alleges, upon information and belief, as follows:

1. This is a civil rights action brought against members of the Monroe County Sheriff's Office, to vindicate Plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. §§ 1983 and 1988, and under the laws of the State of New York. Plaintiff seeks compensatory damages, punitive damages and attorney's fees.

2. On June 25, 2022, Plaintiff was assaulted and battered, and subjected to excessive force by the individual defendants, causing him to sustain severe and serious physical, psychological and emotional injuries.

### II.     PARTIES

3. Plaintiff NICHOLAS HINCHMAN is a citizen of the United States and resident of the County of Monroe, State of New York.

1

4. Defendant TODD BAXTER ("Sheriff Baxter" or "BAXTER") was, at all times relevant herein, the duly elected Sheriff of the County of Monroe. At all relevant times, Defendant BAXTER was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacity.

5. Defendants NICHOLAS PRIOLO, SCOTT JOLLY, ANDREW CHARVAT, and "RICHARD ROE" SHERIFF'S DEPUTIES 1-10 (the names and numbers of which are currently unknown), were, at all times relevant to this Complaint, Deputy Sheriffs with the Monroe County Sheriff's Office ("MCSO"). At all relevant times, these defendants were acting within the scope of their employment with the County and under Sheriff BAXTER and acting under color of state law. They are sued in their individual capacities. They are referred to collectively as "the Sheriff's Deputies."

6. BAXTER is responsible for the training, supervision and discipline of the Defendant Sheriff's Deputies under state law.

### III. **JURISDICTION**

7. This Court has federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over claims arising out of violations of the United States Constitution and 42 U.S.C. § 1983.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York, the judicial district where the claims arose and in which the Defendants conduct business.

### IV. **STATEMENT OF FACTS**

9. On June 25, 2022, at approximately 1:40 a.m., Plaintiff was lawfully present in the vicinity of 95 Meadow Farm South, North Chili New York, where he lived with his mother, little brother and sister.

10. Plaintiff had lost his phone and was locked out of his house, so he knocked on his ex girlfriend's door at 99 Meadow Farm South, North Chili New York.

11. Plaintiff's ex girlfriend told him to leave, and he complied, and he left.

12. Plaintiff's ex-girlfriend then called 911, and reported that he had violated a stay away order of protection by knocking on her door.

13. As Plaintiff was lawfully walking through the apartment complex in the vicinity of his home, he was approached by Defendants Jolly, Charvat and Priolo .

14. Jolly, Charvat and Priolo immediately physically seized Plaintiff, without warning or justification.

15. Prior to physically seizing Plaintiff, Jolly, Charvat and Priolo did not inform him that he was under arrest.

16. Prior to physically seizing Plaintiff, Jolly, Charvat and Priolo did not inform him why they were seizing or arresting him.

17. Jolly, Charvat and Priolo struck Plaintiff multiple times with their fits in his head and face, without cause or justification.

18. Jolly, Charvat and Priolo then threw Plaintiff on the ground, without cause or justification.

19. After he was thrown on the ground, Jolly, Charvat and/or Priolo kicked him in the ribs, without cause or justification.

20. Jolly, Charvat and Priolo placed their knees across his back and neck, without cause or justification.

21. Prior to using force against Plaintiff, Jolly, Charvat and Priolo did not attempt to speak with him in any way.

22. Prior to using force against Plaintiff, Jolly, Charvat and Priolo did attempt to use any de-escalation techniques.

23. At no time did Plaintiff resist arrest in any way.

24. At no time did Plaintiff do anything that would have required the officers to use force against him in any way.

25. At no time did Jolly, Charvat and Priolo possess any objective facts that justified the use of any physical force against Plaintiff.

26. At no time did Plaintiff possess a weapon.

27. At no time did Plaintiff verbally or physically threaten the Defendants with physical harm in any way.

28. It was unreasonable for three Sheriff's Deputies—Jolly, Charvat and Priolo—who were all physically bigger and stronger than Plaintiff, to use any force against him whatsoever to seize and arrest him, let alone the grossly excessive amount of force that they used.

29. Plaintiff was eventually transported to Strong Memorial Hospital, where he was diagnosed with serious injuries, including broken ribs and a collapsed lung, as a result of the force used against him by Jolly, Charvat and Priolo.

30. As a result of the force used against him by Jolly, Charvat and Priolo, Plaintiff was required to be admitted to Strong Memorial Hospital in the inpatient unit for approximately three days to treat his serious injuries before he was eventually released.

31. After he was arrested, Defendant Jolly completed a criminal information which falsely charged Plaintiff with resisting arrest and other crimes.

32. All of the false criminal charges lodged against Plaintiff were dismissed on January 23, 2023.

33. Plaintiff was forced to appear in criminal court approximately 7-8 times before all the false charges were dismissed in their entirety.

## V. CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
(Against JOLLY, CHARVAT AND PRIOLO)

34. All preceding and subsequent paragraphs are incorporated by reference.

35. Defendants used unreasonable force against Plaintiff when they punched him in the face and head, threw him on the ground, kicked him multiple times in the chest, and sat on his neck and back with their full body weight.

36. The level of force employed by defendants against plaintiff was objectively unreasonable.

37. The force employed by defendants against plaintiff did not advance any proper governmental objective.

38. As a result of the aforementioned conduct, Plaintiff suffered and sustained physical injuries, including multiple broken ribs and a collapsed lung.

39. Accordingly, Plaintiff demands judgment against the Defendants in a sum of money to be determined at trial.

40. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiffs' constitutional rights.

41. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

## SECOND CLAIM FOR RELIEF
### Supervisory Liability under 42 U.S.C. § 1983
**(Against BAXTER)**

42. All preceding and subsequent paragraphs are incorporated by reference.

43. BAXTER personally caused Plaintiff's injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise, train, and discipline his subordinate employees.

44. BAXTER was negligent in the training, supervision and discipline of the defendant Sheriff's Deputies, who were provided, upon information and belief, no training on how to safely seize and arrest an individuals.

45. BAXTER was negligent in the training, supervision and discipline of the defendant Sheriff's Deputies, who were provided, upon information and belief, no training on when it is appropriate to use force to seize and arrest individuals in situations where there are three officers, and only one arrestee.

46. Alternatively, the training BAXTER provided to the Sheriff's Deputies was inadequate.

47. BAXTER's negligence in failing to supervise and discipline his Sheriff's Deputies was the direct and proximate cause of decedent's injuries.

48. As a result of defendants' impermissible conduct, plaintiff was injured and harmed.

## THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE
**(Against JOLLY, CHARVAT AND PRIOLO)**

49. All preceding and subsequent paragraphs are incorporated by reference.

50. The individual defendants all had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his rights by the other defendants.

6

51. Defendants failed to intervene on Plaintiff's behalf despite having had realistic opportunities to do so.

52. Defendants failed to intervene to stop and prevent the other officers from punching and kicking him, throwing him onto the ground, and placing their full bodyweight on his back and neck, despite having had the time and opportunity to do so.

53. The individual defendants failed to intervene on plaintiff's behalf despite having substantially contributed to the circumstances within which plaintiff's rights were violated by their affirmative conduct.

54. As a result of the aforementioned conduct, Plaintiff suffered and sustained physical injuries, including multiple broken ribs and a collapsed lung.

55. Accordingly, Plaintiff demands judgment against the Defendants in a sum of money to be determined at trial.

56. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiffs' constitutional rights.

57. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

### FOURTH CLAIM FOR RELIEF
*Malicious Prosecution Under 42 U.S.C. § 1983*
**(Against JOLLY, CHARVAT AND PRIOLO)**

58. All preceding and subsequent paragraphs are incorporated by reference.

59. Despite knowing that probable cause did not exist to arrest and prosecute Plaintiff for Resisting Arrest or any other crime or violation, Defendants, acting individually and in concert, fabricated

and falsified evidence, which they then forwarded to prosecutors, to cause Plaintiff to be wrongfully charged with and prosecuted for Resisting Arrest.

60. At no time did Plaintiff resist arrest.

61. Defendants lacked probable cause to initiate the prosecution of Plaintiff and the prosecution of Plaintiff was procured by fraud, perjury, and the fabrication and suppression of evidence.

62. Defendants knew or were deliberately and recklessly indifferent to the truth that probable cause did not exist to arrest and prosecute Plaintiff for resisting arrest or any other crime or violation.

63. The only reason Defendants charged Plaintiff with resisting arrest was to attempt to justify the grossly excessive amount of force they used against Plaintiff and Plaintiff's serious phyical injuries.

64. Defendants' conduct was critical to the continued prosecution of Plaintiffs and they knew, or in the absence of their deliberate and reckless indifference, should have known, that their conduct would cause Plaintiff's prosecution to continue.

65. After approximately eight court appearances, in or about January 23, 2023, the prosecution terminated without a conviction and all charges against Plaintiff were dismissed.

66. As a direct and proximate result of the Defendants' actions, Plaintiff was wrongly prosecuted for approximately eight months, suffered various collateral consequences, and suffered the other grievous and continuing injuries and damages as set forth herein.

67. Because of the foregoing, Plaintiff sustained, *inter alia*, physical pain, permanent physical injuries, mental injuries, emotional distress, embarrassment, humiliation, loss of standing in the community, adverse employment consequences, loss of liberty, and deprivation of their

common law and constitutional rights, and seek compensation in an amount to be determined at trial.

68. Accordingly, Plaintiff demands judgment against the Defendants in a sum of money to be determined at trial.

69. Defendants committed the foregoing violations of Plaintiff's rights knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiffs' constitutional rights.

70. By reason of the foregoing, the Defendants are liable to Plaintiff, pursuant to 42 U.S.C. § 1983, for compensatory and for punitive damages.

**WHEREFORE**, and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

    a.   Empanel a jury;
    b.   Award compensatory and punitive damages awards, each in the separate amounts as may be set by a jury;
    c.   A court order, pursuant to 42 U.S.C. §1988, that the Plaintiff is entitled to the costs involved in maintaining this action and attorney's fees;
    d.   The Plaintiff demands the foregoing relief jointly and severally against all of the Defendants, except that the punitive damages demands are, as a matter of law, not recoverable against a municipality and therefore are not made against the City;
    e.   Such other and further relief as this court may deem just and proper.

Dated:   New York, New York          Respectfully Submitted,
         September 6, 2023           ROTH & ROTH LLP

                                     _____

                                     Elliot Dolby Shields
                                     Attorneys for Plaintiff
                                     192 Lexington Avenue, Suite 802
                                     New York, New York 10016
                                     (212) 425-1020