UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS HINCHMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>NICHOLAS PRIOLO, SCOTT JOLLY, ANDREW CHARVAT, TODD BAXTER, "RICHARD ROE" SHERIFF'S DEPUTIES 1-10 and other unidentified members of the Monroe County Sheriff's Office,<br><br>                              Defendants. | Case No. 23-cv-6514<br><br>**ANSWER ON BEHALF OF COUNTY DEFENDANTS WITH JURY DEMAND** |

Defendants Nicholas Priolo, Scott Jolly, Andrew Charvat, and Todd Baxter (the "County Defendants") answer Plaintiff's Complaint ("Complaint") as follows:

1. Deny the allegations set forth in paragraph 1.

2. Deny the allegations set forth in paragraph 2.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4. Admit that Todd Baxter ("Sheriff Baxter") is Monroe County Sheriff and deny the remaining allegations set forth in paragraph 4.

5. Admit that Nicholas Priolo, Scott Jolly, and Andrew Charvat are Monroe County Sheriff's Deputies and deny the remaining allegations set forth in paragraph 5.

6. The allegations in paragraph 6 consist of legal conclusions as to which no response is required and otherwise deny paragraph 6.

7. Admit the allegations set forth in paragraph 7.

8. Admit the allegations set forth in paragraph 8.

9. Deny the allegations set forth in paragraph 9.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13. Deny the allegations set forth in paragraph 13.

14. Deny the allegations set forth in paragraph 14.

15. Deny the allegations set forth in paragraph 15.

16. Deny the allegations set forth in paragraph 16.

17. Deny the allegations set forth in paragraph 17.

18. Deny the allegations set forth in paragraph 18.

19. Deny the allegations set forth in paragraph 19.

20. Deny the allegations set forth in paragraph 20.

21. Deny the allegations set forth in paragraph 21.

22. Admit that Defendants Nicholas Priolo, Scott Jolly, and Andrew Charvat attempted to use de-escalation techniques and deny any remaining allegations in paragraph 22.

23. Deny the allegations set forth in paragraph 23.

24. Deny the allegations set forth in paragraph 24.

25. Deny the allegations set forth in paragraph 25.

26. Deny the allegations set forth in paragraph 26.

27. Deny the allegations set forth in paragraph 27.

28. Deny the allegations set forth in paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31. Deny the allegations set forth in paragraph 31.

32. Deny the allegations set forth in paragraph 32.

33. Deny the allegations set forth in paragraph 33.

34. Respond to paragraph 34 as responded to elsewhere herein.

35. Deny the allegations set forth in paragraph 35.

36. Deny the allegations set forth in paragraph 36.

37. Deny the allegations set forth in paragraph 37.

38. Deny the allegations set forth in paragraph 38.

39. Deny the allegations set forth in paragraph 39.

40. Deny the allegations set forth in paragraph 40.

41. Deny the allegations set forth in paragraph 41.

42. Respond to paragraph 42 as responded to elsewhere herein.

43. Deny the allegations set forth in paragraph 43.

44. Deny the allegations set forth in paragraph 44.

45. Deny the allegations set forth in paragraph 45.

46. Deny the allegations set forth in paragraph 46.

47. Deny the allegations set forth in paragraph 47.

48. Deny the allegations set forth in paragraph 48.

49. Respond to paragraph 49 as responded to elsewhere herein.

50. Deny the allegations set forth in paragraph 50.

51. Deny the allegations set forth in paragraph 51.

52. Deny the allegations set forth in paragraph 52.

53. Deny the allegations set forth in paragraph 53.

54. Deny the allegations set forth in paragraph 54.

55. Deny the allegations set forth in paragraph 55.

56. Deny the allegations set forth in paragraph 56.

57. Deny the allegations set forth in paragraph 57.

58. Respond to paragraph 58 as responded to elsewhere herein.

59. Deny the allegations set forth in paragraph 59.

60. Deny the allegations set forth in paragraph 60.

61. Deny the allegations set forth in paragraph 61.

62. Deny the allegations set forth in paragraph 62.

63. Deny the allegations set forth in paragraph 63.

64. Deny the allegations set forth in paragraph 64.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65.

66. Deny the allegations set forth in paragraph 66.

67. Deny the allegations set forth in paragraph 67.

68. Deny the allegations set forth in paragraph 68.

69. Deny the allegations set forth in paragraph 69.

70. Deny the allegations set forth in paragraph 70.

71. Any allegation set forth in the Complaint that is not addressed above is denied.

### 1st Affirmative Defense

72. The Complaint fails to state a cause of action upon which relief may be granted as against the County Defendants under either Federal or New York State law.

### 2nd Affirmative Defense

73. Plaintiff's culpable conduct, contributory negligence, and/or assumption of risk caused the damages alleged in the Complaint.

### 3rd Affirmative Defense

74. If plaintiff is entitled to recover damages, those damages should be diminished in the proportion that the culpable conduct attributable to the plaintiff bears to the culpable conduct that caused the damages.

### 4th Affirmative Defense

75.  Plaintiff has failed to mitigate his damages.

### 5th Affirmative Defense

76. The County Defendants are entitled to governmental function immunity.

### 6th Affirmative Defense

77. Any use of force by the County Defendants, including unnamed John Does, was objectively reasonable and justified under New York State and Federal Law.

### 7th Affirmative Defense

78. Any use of force did not rise to the level of a constitutional violation and/or was reasonable and necessary.

### 8th Affirmative Defense

79. The County Defendants, including any unnamed John Does, are entitled to good faith immunity and discretionary immunity from suit.

### 9th Affirmative Defense

80. The County Defendants, including any unnamed John Does, did not violate any clearly established right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

### 10th Affirmative Defense

81. Any conduct of the County Defendants, including any unnamed John Does, was justified in the circumstances, was privileged conduct in the performance of police function, was supported by probable cause, and was reasonably necessary to the performance of their duties and in accordance with requirements of law.

### 11th Affirmative Defense

82. The County Defendants did not authorize, condone, permit, or ratify any alleged improper or malicious conduct of the part of any person or adopt any policy condoning such conduct.

### 12th Affirmative Defense

83. Punitive damages are not available against Monroe County or the Monroe County Sheriff in his official capacity.

### 13th Affirmative Defense

84. The Complaint fails to allege facts that any of the County Defendants acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and has therefore failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### 14th Affirmative Defense

85. Monroe County and Sheriff Todd Baxter in his official capacity have governmental immunity from liability for the damages alleged in the Complaint.

### 15th Affirmative Defense

86. The doctrine of *respondeat superior* is unavailable under New York State law as a basis for imposing liability upon the County for the alleged tortious conduct of any other named defendant. A county is not liable for the acts of Sheriff or his deputies unless it has assumed such liability by local law, which Monroe County has not. *See* Code of Monroe County, Chapter 39.

### 16th Affirmative Defense

87. Any duty attributable to performing police functions, or to employ, train, or equip a law enforcement force or an individual law enforcement officer, is a duty to the general public and not a duty to any particular individual upon which liability may be premised unless a special duty is established. There was no special duty between the plaintiff and any of the County Defendants.

### 17th Affirmative Defense

88. The doctrine of *respondeat superior* is unavailable under New York State law as a basis for imposing liability on the County or Sheriff for the alleged acts of Sheriff's deputies who were engaged in a criminal justice function.

### 18th Affirmative Defense

89. The doctrine of *respondeat superior* is unavailable under 42 U.S.C. §1983 as a basis for imposing liability on the County or Sheriff for the conduct of the Sheriff's deputies.

### 19th Affirmative Defense

90. Any recovery by plaintiff is subject to reduction, after trial, for collateral source payments made or to be made for economic loss pursuant to CPLR §4545.

### 20th Affirmative Defense

91. That the injuries alleged in the Complaint were caused or occasioned solely, or in part, by the negligent, reckless, intentional, or otherwise wrongful conduct, including both acts and omissions, attributable to one or more third parties, whose acts or omissions were not foreseeable by the County Defendants and constitute an intervening cause which precludes liability on the part of the County Defendants as a matter of law.

### 21st Affirmative Defense

92. That punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify.

### 22nd Affirmative Defense

93. In the event the Complaint alleges the County Defendants undertook a special duty to the plaintiff, the plaintiff did not reasonably rely thereon and/or any such reliance was unreasonable or misplaced.

### 23rd Affirmative Defense

94. To the extent that individually named County Defendants are being sued in their official capacity, they have absolute immunity from liability for damages for the causes of action alleged in the Complaint.

### 24th Affirmative Defense

95. To the extent that individually named County Defendants are being sued in their individual capacity, they have qualified immunity from liability for damages for the causes of action alleged in the Complaint.

### 25th Affirmative Defense

96. The Complaint fails to allege personal involvement by Sheriff Baxter in connection with

Plaintiff's § 1983 claims.

## THE COUNTY DEFENDANTS DEMAND A JURY TRIAL

**WHEREFORE**, the County Defendants demand judgment dismissing the Complaint, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  December 7, 2023     **JOHN P. BRINGEWATT,**
  **MONROE COUNTY ATTORNEY**
  *Attorney for the County Defendants*

  /s/ *Miguel A. Munoz*
  _____
  Miguel A. Munoz
  Deputy County Attorney
  307 County Office Building
  39 West Main Street
  Rochester, NY 14614
  Telephone:  585.753.1413
  E-Mail:  miguelmunoz@monroecounty.gov

To:    All Counsel of Record, *by ECF*